## SUPREME COURT.

## [ No. 3. ]

JOHN B. THURSBY and others, executors, &c., of JOHN THURS-BY, deceased, agt. DAVID S. MILLS.

Where a report of referees had been made, judgment thereon entered, and execution issued, pending which the defendant died; and on a supplemental complaint by the executors of the defendant, to review an alleged mistake or omission of evidence, in respect to the partnership accounts on the hearing; and for an injunction to stay the proceedings on the execution;

Held, it appearing that the defendant, on the hearing, was informed of the necessity of proving the fact which was sought to be corrected, and no excuse being offered for not moving for such relief within some two years after judgment entered, the plaintiffs were not entitled to a stay of proceedings.

*New-York Special Term, October, 1853*

JUDGMENT was recovered in this court in an action between partners on an account, in favor of Mills, against John Thursby for $19,455.78, September 13, 1851, and appeal taken to the general term. Motions for a stay of proceedings had been successively made at special term by defendant, and, after argument, denied—September 29, 1851, also November 5, and De-

cember 15, 1852, also February 19, and April 16, 1853. The defendant, John Thursby, died April 23d, 1853, and the present plaintiffs were his executors.

This action was commenced as *a supplemental complaint to review* and correct certain alleged accidental omissions and errors in the accounts on the trial before referees, by whom the cause was heard.

The complaint averred the commencement of the suit by Mills against John Thursby, and referred to the allegations in the complaint, of a partnership between the parties, of the unlawful dissolution thereof by Thursby, and of the claim therein for damages, and an account of the partnership transactions. That the defendant had answered, denying the material allegations; that the action had been referred to John Cochrane, James W. Metcalf, and Schuyler Livingston, to hear and decide the whole issue; and that they, in July, 1851, had reported due the plaintiff $16,889.89, besides costs; that judgment had been entered thereon, and an appeal taken as above mentioned. That on the hearing before the referees, it was accidentally omitted by Thursby to produce before them evidence showing the amount of bad debts and losses incurred in the business during the existence of the partnership, and they were not taken into account by the referees. That the loss from bad debts amounted to over $10,000; and that Thursby had not discovered, until after judgment, the accidental omission of this evidence. That executions had been issued upon the judgment to the sheriffs of the counties of Kings and New-York, and that each claimed to have levied upon sufficient property of the defendant to satisfy the judgment. That Thursby had died in April, 1853, leaving a will, which had been proved, and letters testamentary issued to plaintiffs, in whose name the suit had been revived.

Motion was now made for an injunction to restrain the plaintiff from collecting the judgment, or ruling either sheriff to return the executions, or taking proceedings against them to recover or collect the judgment.

The defendant, Mills, by his answer, denied the allegations

respecting bad debts, and alleged that all the evidence con-
cerning the debts was produced before the referees and fully
heard ; and that all debts of the co-partnership from the begin-
ning, except about $1,500, had been paid.   That execution
was issued upon the judgment to the sheriff of New-York in
February, 1852, and to the sheriff of Kings in December, 1852.
That on the 9th of May, 1853, both sheriffs had been notified
to execute the writs, and return them according to law.   That
neither of the executions had been returned ; and on July
30th attachments had been issued against both sheriffs for the
contempt, and those proceedings were still pending ; and that
both sheriffs insisted they had no property under levy or in
their custody out of which to satisfy the executions ; and that
Thursby, in his will, expressly provided for the payment of this
judgment.

Defendant also set up, by way of defence, that the suit for re-
view must be brought within two years, and a condition prece-
dent to filing such bill, was the performance of such parts of
the decree not sought to be reviewed ; and that no part of the
judgment was paid.

· DANIEL LORD & N. DANE ELLINGWOOD, *for plaintiffs*,

Referred to 4 *How. Pr. Rep., p.* 113.

ALBERT MATHEWS, *for defendant*,

·Cited—*Chancery Rules*, 173, 90 ;  *Code*, §§ .332, 468, 469 ;
*Williams* agt. *Baldwin*, 18 *Johns.* 489 ; 3 *Munf. R.* 112 ; 5
*Wend.* 127 ; 6 *Munf. R.* 425 ; 10 *Wend.* 285 ; 5 *Mason R.*
303 : 2 *John. Ch. R.* 488 ; 3 *Paige R.* 206 ; 1st. *Bibb. R.* 455.

EDWARDS, Justice.   The ground upon which the plaintiffs
ask for an injunction is, that John Thursby, in the suit brought
against him by the defendant Mills, accidentally omitted to
prove before the referees that certain debts, contracted in the
partnership business between Thursby and Mills, were bad.
It appears that the report of the referees was made in the year

1851; and that, in the written opinion delivered by them, they stated that they found " that Thursby had exonerated Mills from all losses in the business, as between themselves; and that it was unnecessary for the referees to determine whether the debts due to the firm were by persons of pecuniary means or not." At the time that this report was made, Thursby either knew or had the means of knowing whether any, and, if any, which of the debts were bad. He was at that time informed of the necessity of proving that fact, if he intended to do so.

Since the report was made, judgment has been entered, and an execution issued; and although numerous and multifarious motions have been made which have had the effect of preventing the defendant from obtaining satisfaction of his judgment, still no application has, until now, been made to the court for relief on the ground of any mistake or misapprehension; and no excuse is given for this great delay. I do not think that the plaintiff has made out such a case as entitles him to an injunction.

Motion denied, with $10 costs.